UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:10-CR-56 |
| v. | ) | |
| | ) | Collier/Carter |
| JERMAINE HOWARD | ) | |

## **M E M O R A N D U M**

Before the Court is a motion for a new trial filed by Defendant Jermaine Howard ("Defendant") (Court File No. 102). The United States filed a response to this motion (Court File No. 103). For the reasons discussed below, Defendant's motion will be **DENIED**.

On March 23, 2010, a grand jury charged Defendant in a two-count Indictment (Court File No. 1). Defendant was charged with being a felon in possession of a firearm and ammunition, and possession of an unregistered sawed-off shotgun. Defendant's trial commenced on August 8, 2011, and lasted two days. On August 8, 2011, Defendant filed a motion for declaration of a mistrial (Court File No. 93). The Court held a hearing on the motion, and denied the motion. On August 9, 2011, a jury found Defendant guilty on both counts. Defendant now has filed timely a motion for a new trial, on the same grounds raised in his August 8, 2011 motion for declaration of a mistrial.

## I.  STANDARD OF REVIEW

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to order a new trial is committed to a court's sound discretion, which is subject to review for abuse. *United States v. Talley*, 164 F.3d 989, 1002 (6th Cir. 1999); *United States v. Davis,* 15 F.3d 526, 531 (6th Cir. 1994). In deciding whether a new trial is warranted, a court should primarily concern itself with whether

the prior proceedings were fair for the accused. *Talley*, 164 F.3d at 1002. Motions for new trials are not favored and should only be granted with great caution and in extraordinary circumstances. *United States v. Garner*, 529 F.2d 962, 969 (6th Cir. 1976); *United States v. Hoffa*, 382 F.2d 856, 862 (6th Cir. 1967). A defendant bears the burden of proving a new trial should be granted. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). The Sixth Circuit utilizes a four-part test to determine when a new trial should be ordered based upon newly discovered evidence. *See United States v. Barlow*, 693 F.2d 954 (6th Cir. 1982). Under the *Barlow* test, the defendant must show the evidence: (1) was discovered only after trial; (2) could not have been discovered earlier with due diligence; (3) is material and not merely cumulative or impeaching; and (4) would likely produce an acquittal if the case were retried. *Id*. at 966.

**II.     ANALYSIS**

Defendant's in-trial motion for a declaration of a mistrial, and his present motion for a new trial, are based upon the Government's late disclosure of a fingerprint report. Prior to Defendant's indictment, the Government asked a case agent from the Bureau of Alcohol, Tobacco, Firearms and Esplosives ("ATF") whether any fingerprint tests had been done on the firearm and ammunition involved in this case. The Government was told "they were unable to locate any fingerprints" (Court File No. 103-1, p. 3). Hence, in response to Defendant's pretrial Fed. R. Crim. P. 16(a)(1)(F) request for all fingerprint tests done on the firearm and ammunition, the Government told Defendant no tests had been done.

However, at trial the Government's first witness – the ATF case agent – provided the Government with a fingerprint report describing three fingerprints recovered from a box of shotgun

2

shells and sent to AFIS[1] for analysis. The report did not state the results of the AFIS analysis. The existence of this report came as a surprise both to Defendant and the Government. The Government immediately provided Defendant with a copy of the report, and Defendant moved for a mistrial shortly thereafter.

The Court heard argument on the motion for mistrial, and then took a recess to allow the United States to further investigate the fingerprint report. During the recess, the Government learned from the police department's AFIS division that the latent fingerprints "have no value for comparison" (Court File No. 103-1, p. 11). The Government also received a report stating the latent fingerprints were "insufficient for identification" (*id.*). Based on these results, the Court held that despite any Rule 16 violation, Defendant was not prejudiced by the late revelation of the fingerprint report, thus no mistrial should be granted. For the same reason, the Court will deny the present motion for a new trial.

The *Barlow* test requires, *inter alia*, any newly discovered evidence be material rather than merely cumulative or impeaching, and likely to produce an acquittal if the case were retried. Here, neither is the case.[2] The fingerprints found on the box of shotgun shells proved to have no forensic value, inasmuch as they had "no value for comparison" and were "insufficient for identification." Thus, even if the fingerprint report had been timely disclosed to Defendant, it would have been of no use in preparing his defense since it suggested nothing one way or the other about whether Defendant had touched the box of shells. In other words, the fingerprint report was not material.

---

[1] Automated Fingerprint Identification System

[2] Additionally, the *Barlow* test requires the evidence was only discovered *after* trial. Here, it was discovered during trial.

Likewise, the fingerprint report cannot be plausibly regarded as "likely to produce an acquittal if the case were retried." *See Barlow*, 693 F.2d at 966. It is axiomatic that non-material evidence would not have the material effect of producing an acquittal rather than conviction.

Because the untimely-disclosed fingerprint report was not material and not likely to cause an acquittal, the Court determines this is not an "extraordinary circumstances" where the interest of justice requires a new trial based on newly discovered evidence. *See Garner*, 529 F.2d at 969; Fed. R. Crim. P. 33(a). Accordingly, the Court will **DENY** Defendant's motion for a new trial (Court File No. 102).

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**